1
2
3
4
5
6
7
8                   UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10
11   JOHN B. WALLACE,                )   Civil No. 09-cv-2785-L(RBB)
                                     )
12                  Plaintiff,       )   **ORDER GRANTING**
                                     )   **DEFENDANTS' MOTION TO**
13   v.                              )   **SUBSTITUTE PARTY AS**
                                     )   **DEFENDANT [DOC. 52]**
14                                   )
     BUSCH ENTERTAINMENT             )
15   CORPORATION, *et al.*,          )
                                     )
16                  Defendants.
17   ─────────────────────────────

18        On July 19, 2011, Defendant Seaworld Parks & Entertainment LLC, formerly known as

19   Busch Entertainment Corporation, ("SWPE LLC") filed a motion to substitute SWPE LLC as

20   defendant in this action in place of the named defendant Busch Entertainment Corporation

21   ("BEC").  Defendant argues that SWPE LLC is the successor entity to BEC and that the

22   substitution is appropriate under Federal Rule of Civil Procedure 25(c).  To date, Plaintiff has

23   not opposed.

24        Civil Local Rule 7.1(f.3.c) provides that "[i]f an opposing party fails to file papers in the

25   manner required by Local Rule 7.1.e.2, that failure may constitute a consent to the granting of

26   that motion or other ruling by the court."  Furthermore, the Ninth Circuit has held that a district

27   court may even properly grant a motion to dismiss for failure to respond.  *See generally Ghazali*

28   *v. Moran*, 46 F.3d 52, 52 (9th Cir. 1995) (per curiam) (affirming dismissal for failure to file

timely opposition papers where plaintiff had notice of the motion and ample time to respond).

In this case, based on the October 11, 2011 hearing date, Plaintiff's opposition was due by September 27, 2011.  However, Plaintiff did not file an opposition by this date and has not requested additional time to do so.  Moreover, there is no evidence before the Court that Defendant's moving papers failed to reach the mailing address designated in Defendant's Proof of Service or that Plaintiff was not aware of the pending motion.  Relying on Civil Local Rule 7.1(f.3.c), the Court deems Plaintiff's failure to oppose Defendant's motion as consent to granting it.

In light of the foregoing, the Court **GRANTS** Defendant's motion to substitute SWPE LLC as a named defendant in this case.  (Doc. 52.)  The Clerk of the Court shall substitute SWPE LLC as defendant in place of BEC.  Furthermore, all prior submissions of Defendant in this matter shall be given the same force and effect as if filed or submitted by SWPE LLC.

**IT IS SO ORDERED.**

DATED: October 25, 2011

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

09cv2785