UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN B. WALLACE, | Case No. 09-cv-2785-L(RBB) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [DOC. 66]** |
| v. | |
| BUSCH ENTERTAINMENT CORP., *et al.*, | |
| Defendants. | |

On December 27, 2012, Plaintiff John B. Wallace, a licensed attorney proceeding *pro se*, filed this motion seeking a order from the Court (1) relieving Plaintiff from the judgment of dismissal, (2) vacating judgment, and (3) setting a trial. Plaintiff brings this motion in response to the dismissal of this action for want of prosecution under Civil Local Rule 41.1 on October 29, 2012. The Court issued a Notice of Hearing for Dismissal for Want of Prosecution, following a six-month period of no docket activity in this action. Consequently, on November 11, 2012, the Court entered judgment and dismissal without prejudice. Defendant Seaworld Parks & Entertainment, LLC opposes the motion.

//

//

09cv2785

The Court found this motion suitable for determination on the papers submitted and without oral argument.  *See* Civ. L.R. 7.1(d.1).  (Doc. 68.)  For the following reasons, the Court **DENIES** Plaintiff's motion for reconsideration.  (Doc. 66.)

**I.  ANALYSIS**

Once judgment has been entered, reconsideration may be sought by filing a motion under Federal Rule of Civil Procedure 60(b) (motion for relief from judgment).  *See Hinton v. Pac. Enter.*, 5 F.3d 391, 395 (9th Cir. 1993).  Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances.  *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir.1994) (citing *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)).  Under Rule 60(b), the court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).

The gist of Plaintiff's arguments supporting his motion boil down to: (1) Plaintiff did not receive the Notice of Hearing for Dismissal for Want of Prosecution, and (2) dismissal is too severe of a sanction.  Defendant responds by arguing, among other things, that Plaintiff fails to meet his burden for relief under Rule 60(b), and Plaintiff's motion is moot because this action was properly dismissed for Plaintiff's failure to prosecute under Civil Local Rule 41.1.  The Court agrees with Defendant.

**A.  Plaintiff's Dismissal Is Not a Sanction.**

Civil Local Rule 41.1 states that

> Actions or proceedings which have been pending in this court for more than six months, without any proceeding or discovery having been taken therein during such period, may, after notice, be dismissed by the court for want of prosecution, at the calling of a calendar prepared for that purpose by the clerk.  Such dismissal must be without prejudice, unless otherwise ordered.

Civil Local Rule 83.1 provides the court with a vehicle to sanction attorneys or parties, which

includes the power to sanction by dismissing any action. Civ. L.R. 83.1(a). When the Court issued the Notice of Hearing for Want of Prosecution, it invoked Rule 41.1 and not Rule 83.1. Consequently, the dismissal and entry of judgment were not sanctions against Plaintiff. Therefore, considering the severity of any sanction is not relevant because there was none.

On an issue related to Rule 41.1, Plaintiff contends that filing a Notice of Change of Address (Doc. 59) should be remove this action from the reach of Rule 41.1. In other words, filing the Notice of Change of Address is a proceeding under Rule 41.1. However, Plaintiff is wrong. Plaintiff's notice is not a proceeding. Black's Law Dictionary defines "proceeding" as "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." Plaintiff's notice did not in any way progress this action. Additionally, under the other prong of Rule 41.1—discovery—which may remove the action from the scope of Rule 41.1, Plaintiff fails to show there was any discovery during the six months leading up to the date when the Notice of Hearing was issued.

### B. Plaintiff Fails to Justify Relief Under Rule 60(b).

Moving on, Plaintiff does not coherently articulate an argument that would entitle him to relief under Rule 60(b). His explanation justifying relief under Rule 60(b) is that "Plaintiff was surprised by the dismissal because he did **not** receive this Court's Notice of the Hearing re Dismissal." (Pl.'s Mot. 8:1–2.) Plaintiff provides a document-by-document explanation that each exhibit attached to Defendant's opposition brief does not show service because these documents—several of which are documents issued by the Court—lack proofs of service. But all that effort is for naught.

On September 17, 2012, Plaintiff filed a Notice of Change of Address. (Doc. 59.) That notice designated Plaintiff's new address as follows: c/o Wallace & Madden, 444 South Flower Street, 30th Floor, Los Angeles, California 90071. The previous address had been c/o Rosen & Associates, P.C., 444 South Flower Street, Suite 602, Los Angeles, California 90071. The Court was fully aware of the new address when issuing the Notice of Hearing, and acted accordingly. When examining the receipt for the Notice of Hearing, it states that the notice was "served

conventionally" to John B Wallace, c/o Wallace & Madden, 444 South Flower Street, 30th Floor, Los Angeles, CA 90071.  (Doc. 60; *see also* Bloom Decl. ¶ 7, Ex. 6.)  There is no doubt that the Notice of Hearing was sent to the address most recently designated by Plaintiff, and since the notice was not returned, there is a presumption that the notice was received.[1]  It is not the Court's duty to ensure that the mailing address of an attorney or party is correct; that is the attorney's or party's responsibility.  Thus, for all intents and purposes, Plaintiff received the Notice of Hearing for Dismissal for Want of Prosecution.

Plaintiff does not give any further explanation related to Rule 60(b).  Accordingly, the Court finds that Plaintiff fails to show any exceptional circumstances to justify granting him relief under Rule 60(b).  *See* Fed. R. Civ. P. 60(b); *Engleson*, 972 F.2d at 1044.

## II.  CONCLUSION & ORDER

Because Plaintiff fails to demonstrate entitlement to reconsideration, the Court **DENIES** his motion for reconsideration in its entirety.  (Doc. 66.)  The Court also **DENIES AS MOOT** Plaintiff's request to set a trial date.  A trial date is only set for a civil case during the Final Pretrial Conference, which has not occurred in this case.

**IT IS SO ORDERED.**

DATED: January 25, 2013

M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[1] Plaintiff included a self-addressed, stamped envelope in the package of materials accompanying his reply brief.  Curiously, the address on that envelope is: John Wallace, c/o Rosen & Associates, P.C., 444 S. Flower Street, Suite 3010, Los Angeles, CA 90071.  To the Court's knowledge, this address has never shown up in any of Plaintiff's filings in this action.  A copy of that envelope is attached to this order.

John Wallace
444 S. Flower Street
Suite 3010
Los Angeles, CA 90071



John Wallace
c/o Rosen & Associates, P.C.
444 S. Flower Street
Suite 3010
Los Angeles, CA 90071